## Case No. 2,550.

### CENTRAL OHIO RAILROAD et al. v. THOMPSON.

[2 Bond, 296.][1]

Circuit Court, S. D. Ohio. Oct. Term, 1869.

DECLARATION ON BILL OF EXCHANGE—SUFFICIENCY—NONRESPONSIVE PLEA—DUPLICITY—PLEADING TORTIOUS INJURY TO PROPERTY OF THIRD PERSONS.

1. A declaration, stating as the cause of action that the plaintiffs are the holders of certain bills of exchange, drawn by the agent of the defendant, and accepted by him, pursuant to a special agreement for that purpose between the parties, averring that the bills were drawn on a sufficient consideration, and were duly accepted by the defendant, and were protested for non-payment, is good on demurrer.

2. As the case in equity between these parties was appealed to the supreme court, and the decision by that court was that the plaintiffs' remedy was by action at law, and that the case must be remanded to this court for trial at law, the plaintiffs' right thus to sue can not be controverted.

3. It is no objection to the declaration, that the plaintiffs set forth, as the consideration on which the defendant agreed to accept and pay the bills, that the plaintiffs had agreed to transport mules and horses for the defendant, and had transported them according to agreement, and had drawn the bills in question as payment of the freight of the animals, whereby their right of action had accrued.

4. The material question in this case arises on the demurrer to the third special plea of the defendant, stating as a defense certain special agreements between the parties relating to the transportation of the animals, and averring a failure of the consideration on which the bills in question were drawn and accepted, by reason of the careless, negligent, and tortious manner of transporting the animals, whereby the defendant suffered damage in excess of the sum for which the bills were drawn. This plea is defective in not responding to the cause of action as set out in the declaration.

5. The cause of action set out in the declaration is substantially on the undertaking and promise of the defendant to accept and pay the bills as drawn, pursuant to the agreement between the parties, and his failure to perform that agreement.

6. Nothing is set forth in the plea in avoidance of the defendant's liability on his special agreement to accept and pay the bills; and as a commercial transaction his refusal to pay the bills, and suffering them to be protested, is a good cause of action against him by the holders.

7. The plea is also demurrable in that, while in its structure it is a plea in bar to the action, it sets up, by way of set-off, a claim to a judgment for a large amount, as damages sustained by the defendant for the alleged wrongful and tortious conduct of the plaintiffs in the transportation of the animals. This subjects the plea to the objection of duplicity.

8. If intended as a claim for unliquidated damages, it must be set forth in a separate plea.

9. The plea is also fatally defective in its showing that the alleged damage sustained by the defendant was for the wrongs or torts to property, of which he was only interested with other parties; and is no response to the dec-

·1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

laration setting out a breach of the defendant's separate and individual promise.

10. If the parties who were interested in, or owners of, the animals have sustained the damages asserted, by the wrongful or tortious acts of the plaintiffs, their remedy must be by a separate action against the plaintiffs on that basis.

11. The defendant can not maintain his right to set up the defense that the plaintiffs were guilty of torts to the property of Thompson and Groom, and other parties, on the ground that he was the bailee of the property.

[At law. Action by the Central Ohio Railroad Company and the Steubenville & Indiana Railroad against Harrison Thompson, upon certain drafts given in payment for the transportation of stock for Thompson and Groom. The action was commenced in the state court, and was removed to the federal court by the defendant. In the latter court, complainants, having first obtained leave, filed a bill in chancery as a substitute for the petition filed in the state court. Defendant answered, setting up damages by reason of the negligent performance of the contract of transportation, and praying affirmative relief. Complainants replied, denying the negligence, sought discovery, and demurred to so much of the answer as sought affirmative relief. Defendant demurred to so much of complainants' pleading as prayed for a discovery, and on hearing in the circuit court the demurrer of complainants was sustained, that of defendant overruled, and a decree entered for complainants for the amount of the drafts. From this decree defendant appealed to the supreme court, which reversed the decree of the circuit court on the ground that complainants had mistaken their mode of procedure in the federal courts, and should have proceeded at law, and not in equity, there being nothing in the case to invoke equity jurisdiction; and the cause was remanded, with directions to dismiss the bill without prejudice. Thompson v. Central Ohio R. Co., 6 Wall. [73 U. S.] 134. Complainants, in accordance with this decision, recommenced their proceedings at law.]

H. H. Hunter, for plaintiffs.
A. F. Perry, for defendant.

OPINION OF THE COURT. The questions now before the court arise on a special demurrer to the third plea of the defendant. The declaration. in four separate counts, sets forth the grounds on which the plaintiffs seek a recovery. The first and second counts aver that the plaintiffs are the holders and owners of the drafts or bills described in said counts, alleged to have been drawn by the defendant through his agent on himself, payable at one day's sight at the Bank of the Metropolis, in the District of Columbia, with exchange on New York. These drafts, it is averred, were drawn on a sufficient consideration, and were duly accepted by the defendant. and not being paid, were protested,

whereby the defendant became liable to pay to the plaintiffs the amount of said several drafts. The third count is on another draft or bill, drawn in the same manner as those described in the first and second counts, and for a like consideration; but not accepted or paid by the defendant. The fourth is a general count, averring an indebtedness to the plaintiffs for the transportation of horses and mules for the defendant, and at his request, with the usual averment of a promise to pay.

As introductory to the plaintiffs' right of action on the bills or drafts described in the first, second, and third counts of the declaration, and explanatory of their ownership of and legal right thereto, the declaration avers, in substance, that on October 1, 1861, in consideration that the plaintiffs, before that time, at the instance and request of the defendant, had transported a large number of mules from and to the places named in the declaration, the defendant was indebted to the plaintiffs in the several sums stated in the several counts, agreed and undertook to pay the same by drafts, to be drawn by his agent or himself, to be accepted by him as already stated. There is no averment, however, that the mules transported were the property of the defendant; and the basis of the plaintiffs' right to a recovery in this action. is the promise and undertaking of the defendant to accept and pay the bills or drafts drawn on him by his agent, and his neglect or refusal to do so. As the demurrer to the defendant's third plea. by a familiar rule of pleading, reaches to the declaration, it will be proper here to inquire preliminarily whether the plaintiffs, in the case made by them, have shown a right to maintain an action to recover the sums stated in the first, second, and third counts, on the several bills or drafts described. upon the averment that they are the holders and owners of the same. without indorsement to them. This can not be a question on this demurrer, for the reason that the supreme court of the United States, in the case in chancery between these parties appealed from this court, adjudged that the remedy of the plaintiffs was not in equity, but by action at law, and therefore remanded the case to this court to be tried in an action at law. [Thompson v. Central Ohio R. Co.] 6 Wall. [73 U. S.] 134. And there seems to be no room for a doubt that the averments of the declaration show a promise and undertaking by the defendant, creating a legal liability, for which an action may be sustained. There is set forth a promise, upon an alleged consideration, to do an act which the defendant has failed to perform, by reason of which a right of action has accrued to the plaintiffs.

The only inquiry for the court on this demurrer is, therefore, whether the third plea of the defendant sets forth legal and sufficient grounds to defeat the plaintiffs'

right to a recovery in this action. Without reciting in detail the defendant's third plea, which is of great length, and seemingly obnoxious to the charge of prolixity, it will be sufficient to state its substance. It begins with an averment that the several causes of action stated in the declaration are all parts of one and the same transaction, growing out of the same contract, in which the promises of the defendant were conditional and dependent on obligations to be performed by the plaintiffs, which they did not, and would not, perform. The plea then avers that on August 30, 1861, and prior and subsequent to that date, the plaintiffs were two railroad companies, each constituting a part of a through line for the transportation of live stock and other property from Cincinnati, to Pittsburg, Harrisburg, Baltimore, and other places; that the joint agent of the two companies at Cincinnati on the said August 30, 1861, submitted a proposition in writing, by which the railroads offered to transport all the horses and mules that Thompson and Groom, and such other persons as they might be interested with, might wish to transport within the next forty days from Cincinnati, by way of Columbus, Steubenville, or Bellair to Pittsburg and Harrisburg, or Baltimore, at certain rates for each car-load, as named in the proposition. And after other stipulations, not material to notice, the written offer of the agent proposed, that for the transportation of horses and mules, William Stuart, as agent of the plaintiffs at Pittsburg, should be authorized to draw on the defendant at the Bank of the Metropolis, in Washington, D. C., at one day's sight for each shipment, separately, as forwarded from Pittsburg, the drafts to be paid promptly in exchange on New York. The plea then avers, that on the same day, and as a part of the same transaction, the defendant accepted in writing the said offer of the plaintiffs' agent, signing the name of Thompson & Groom. The plea then sets forth, that, at the same time, the defendant, in his individual name, signed a written stipulation to the effect that, in pursuance of the foregoing agreement, he authorized William Stuart, as his agent at Pittsburg, to draw on him at one day's sight, at the Bank of the Metropolis, Washington City, payable in exchange on New York, for each shipment by Thompson & Groom, as the same should be forwarded from Pittsburg. The plea then avers, that pursuant to this arrangement large numbers of horses and mules were offered to the plaintiffs for transportation and were received by them; and that, although some were transported under said agreement, in relation to other portions of the animals the plaintiffs were guilty of sundry wrongful acts of commission and omission whereby the animals were greatly injured, and the owners suffered damage to an amount exceeding $24,000, and largely in excess of the sum claimed in this action as due to the plaintiffs. These alleged tortious acts on the part of the plaintiffs are set forth at great length and with great particularity in the plea; but, for the purposes of the question on this demurrer, it is unnecessary to notice them in detail.

This statement presents, in brief, the grounds of defense set up in the third plea. It purports to be, in its main features, a plea in bar. It is certainly somewhat peculiar in its structure, and has not been drawn with a very strict reference to the rules of special pleading still in force in this court. It is not proposed to notice the numerous points made by the counsel for the plaintiffs in his very elaborate argument in support of the demurrer. There are two objections to the plea which seem to be decisive, and these will be noticed very briefly. The first is, that the plea, without denying the material allegations of the declaration on which the plaintiffs base their right to recover, avers, in avoidance of the defendant's liability, the failure of the plaintiffs to perform another agreement between other parties, the performance of which is alleged to be a condition precedent to any liability by the defendant on his promise or undertaking as set out in the declaration. As before stated, the contract obligation of the defendant, as averred, is, in substance, that in consideration that the plaintiffs had agreed to transport horses and mules at the rates stated, for Thompson & Groom and the persons with whom they might be associated, from and to the places named, the defendant authorized Stuart, as his agent, to draw on him for each shipment made from Pittsburg; the bills so drawn to be in exchange in New York. The declaration avers, that shipments were made from Pittsburg, in consideration of which the defendant's agent drew the several bills in payment described in the declaration, two of which were accepted by the defendant but not paid—the third not accepted or paid. Then follows the averment of the defendant's liability to pay these bills, in virtue of his agreement to accept and pay them. There would seem to be no ground for a doubt that the facts averred in the declaration show a good cause of action against the defendant. His promise to accept and pay the bills to be drawn by his agent is clearly a valid promise, and his failure to do so imports a liability to the plaintiffs as the owners and holders of the bills. The only question, therefore, arising on the demurrer is, whether the matters set forth in the plea are a legal and valid ground of objection to the plaintiffs' claim. And it seems clear, that the plea does not respond to the cause of action asserted by the plaintiffs. It does not deny that shipments of animals were made pursuant to the agreement between the parties, for which the bills were severally drawn; but avers that, under the agree-

ment to transport horses and mules for Thompson & Groom and their associates, the plaintiffs failed to perform their agreement and were guilty of sundry torts, whereby they sustained great injuries. But there is no averment in the plea of any non-performance or tort in reference to the shipments for freight of which the bills were drawn. In a word, there is no averment in the plea of any facts in avoidance of the defendant's liability on his separate, individual promise that the bills should be drawn, accepted, and paid by him; that in making this promise the defendant incurred an individual responsibility distinct from any liability by him as a member of the firm of Thompson & Groom, is a legal inference from the facts set out in the declaration. In the written acceptance of the offer, by the plaintiffs, to transport stock for Thompson & Groom and the persons with whom they might be interested, he had signed the name of that firm of which he was a member. But as no mode of payment for freight was provided for in the plaintiff's proposition or the written acceptance of the firm, the defendant in his own name, took upon himself the responsibility of agreeing to accept and pay bills to be drawn on him for each shipment from Pittsburg.

It seems to the court, therefore, that the plea is defective in not responding to the allegations of the declaration, which assert the cause of action against the defendant. There is, also, as it seems to the court, another still more obvious objection to the plea. While it sets forth, as a bar to the action, substantially the non-performance of a condition precedent, it avers, by way of set-off, counterclaim, or recoupment of damages, a claim for a large sum, based on the alleged tortious acts of commission or omission by the plaintiffs in the transportation of the animals, and claims judgment for a large sum against the plaintiffs on that ground. The amount thus claimed, as before noticed, largely exceeds the sum claimed by the plaintiffs in this action. There is no rule of pleading known to the court, by which such a claim can be set up in a plea in bar of the action. If there is a basis for such a claim, it must be set forth in a separate plea of set-off, or by notice of special matter. Its insertion in this plea clearly subjects it to the charge of duplicity. And upon this ground, if upon no other, the demurrer must be sustained. But the court cannot perceive, that in any way the matter set forth in the plea can be available to the defendant, as a matter of set-off, counterclaim, or recoupment. The alleged tortious acts of the plaintiffs affect, not the property of the defendant, but the property of Thompson & Groom, and the unknown persons with whom they were associated. If, on the theory assumed by the court, the plaintiffs have set out a good cause of action against the defendant, it is clearly not competent for the defendant, in avoidance of his liability, to assert a claim against the plaintiffs for tortious acts affecting the property, not of himself, but of Thompson & Groom, and other persons. It needs no citation of authority in support of this proposition. It is not necessary to decide, whether, as a claim for unliquidated damages arising from alleged torts, it can, under any circumstances, be set up as a set-off to a claim founded on contract. If Thompson & Groom, or other parties interested in the property injured by the torts of the plaintiffs, have a ground of action against the plaintiffs, their redress is open to them in a suit for that purpose. But, clearly, the defendant can not set off in this suit a claim for damages accruing to property of other persons. And this objection, as it seems to the court, is not obviated by the averment of the plea that the defendant was the bailee or factor of the owners of the animals alleged to have been injured, and as such had a qualified interest in them, and a right to maintain an action in his own name for the tortious acts of the plaintiffs. It is argued, that if he had such right to sue, he may defend in this suit by setting up the injuries sustained by the owners, on account of his interest in the property as bailee or factor. If such a plea were sustainable, it is not perceived how it could be available to the defendant, as asserted in this third plea. It would seem to be incongruous with other allegations and grounds of defense set up in the plea, and therefore subjecting it to the charge of duplicity. But if separately pleaded, it is liable to objection. In the first place, the defendant, as the partner of the firm of Thompson & Groom, had a proprietary interest in the property, and I do not perceive that in any legal sense he can be held to be a bailee or factor. And again, his liability to plaintiffs, as set forth in the declaration, is based on his individual contract, liability, or promise, in answer to which he can not assert, by way of set-off or otherwise, that he was bailee or factor for the owners, and that the property was injured by the wrongful acts of the plaintiff in its transportation.

These are all the points which it is deemed material to notice. In passing on this demurrer, I have not supposed it necessary to enter on a more elaborate consideration of the points adverted to, for the reason that the more important of them were brought to the notice of the court and decided when this case was before it, as a suit in chancery, prior to its removal to the supreme court. In that case, the court expressed the opinion, that if the allegations of misfeasance and malfeasance against the railroads, in the transportation of the animals in question, could be sustained by evidence, the owners had a plain remedy by suit for the injuries alleged, but that a recovery for these injuries is not available to the defendant, as a defense to his liability on the special contract or promise set up by the plaintiffs. The demurrer is sustained.